IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| BRIAN MACHION, *individually and on behalf of all others similarly situated*, 147 North State Street Newtown, PA 18940 | : : : : : | Civil Action No.: _____ |
| Plaintiff, v. | : : : | JURY TRIAL DEMANDED |
| AIRGAS, INC. 259 North Radnor Chester Road Radnor, PA 19087 | : : : : : | |
| Defendant. | : : | |

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Brian Machion ("Plaintiff"), by and through his undersigned attorneys, hereby brings this action individually and on behalf of all other persons similarly situated against Airgas, Inc. ("Defendant"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this Complaint contending that Defendant has improperly failed to pay him and other similarly-situated employees of Defendant overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2. At all times material hereto, Plaintiff was employed by Defendant an Industrial Wholesale Account Executive. As discussed at length herein, Defendant improperly classified Plaintiff and, upon information and belief, Class Plaintiffs, as exempt employees under the FLSA and PMWA and did not pay them overtime compensation. However, Plaintiff and Class

Plaintiffs were non-exempt employees within the meaning of the FLSA and PMWA and, as such, were entitled to overtime compensation for all hours worked over forty (40) per week. As a result of Defendant's improper classification, Plaintiff and Class Plaintiffs did not receive proper overtime compensation for their work.

3. Plaintiffs bring this action as a representative action under the FLSA and PMWA, seeking monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, to seek regress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

7. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

8. Plaintiff Brian Machion currently resides at 147 North State Street, Newtown, Pennsylvania 18940, and is a former employee of Defendant.

9. Defendant is an employer covered by the FLSA.

10. Upon information and belief, Defendant Airgas, Inc. is a for-profit business corporation, duly organized and existing under the laws of the State of Delaware, and is registered and licensed to engage in business, and is engaged in business, in the Eastern District of Pennsylvania, and the Commonwealth of Pennsylvania, with a corporate headquarters and principal place of business located in the Eastern District of Pennsylvania, and in the Commonwealth of Pennsylvania, at 259 North Radnor Chester Road, Suite 100, Radnor, Pennsylvania 19087.

11. Upon information and belief, Defendant is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sales or business done of at least $500,000.00, and has multiple employees (including, but not limited to Plaintiff and Class Plaintiffs) who handle or otherwise work on goods or materials that have been moved in or produced for commerce.

12. Plaintiff and, upon information and belief, Class Plaintiffs were/are employees engaged in commerce and employed by Defendant during all times relevant hereto and, as such, were employees entitled to the FLSA's protections. See 29 U.S.C. 203(e).

13. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15. This action is brought as a nationwide collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

16. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Industrial Wholesale Account Executive, or in positions with substantially similar job duties (hereinafter "Class Plaintiffs" and/or "Class"), who were denied the payment of overtime compensation for hours worked over forty (40) in a workweek due to Defendant's practice and policy of misclassifying Plaintiff and Class Plaintiffs as exempt from overtime compensation in violation of the FLSA.

17. Plaintiff estimates that there are in excess of thirty (30) other similarly situated Class Plaintiffs who either are working or worked for Defendant and were unlawfully denied overtime compensation at 1.5 times their regular rate of pay for hours worked in excess of forty (40) in a workweek. The precise number of employees can be easily ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

18. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because all the Class Plaintiffs are similarly situated. Plaintiff and Class Plaintiffs were similarly denied overtime compensation as a result of Defendant's failure to compensate Plaintiff and Class Plaintiffs for overtime hours worked, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are

discussed more fully in this Collective and Class Action Complaint, whereby Defendant misclassified Plaintiff as an exempt employee under the FLSA and accordingly failed to pay Plaintiff an overtime premium based on 1.5 times his regular rate for all hours worked over forty (40) hours in a workweek, have affected Class Plaintiffs in the same fashion.

19.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

## PMWA CLASS ACTION ALLEGATIONS

20.     Paragraphs 1 through 19 are hereby incorporated by reference as though the same were fully set forth at length herein.

21.     Plaintiffs bring this action individually, and on behalf of the following class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All individuals presently or formerly employed by Defendant in the position of Industrial Wholesale Account Executive, or in positions with substantially similar job duties, at any point during the last three (3) years, who were paid on a commission only basis and denied overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek.

22.     The members of the class as so numerous that joinder of all members is impractical. Class Plaintiffs may be informed of the pendency of this class action by direct mail.

23.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

   a.     Whether Plaintiff and Class Plaintiffs worked in excess of forty (40) hours per week;

   b. Whether Plaintiff and Class Plaintiffs are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

   c. Whether Defendant lacked a "retail concept" within the meaning of the PMWA's retail or services establishment exemption;

   d. Whether Defendant required Plaintiff and Class Plaintiffs to work in excess of forty (40) hours per week;

   e. Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and Class Plaintiffs;

   f. Whether Plaintiff and Class Plaintiffs have suffered and are entitled to damages, and, if so, in what amount;

   g. Whether Defendant willfully violated the PMWA; and

   h. Whether Plaintiff and Class Plaintiffs are entitled to liquidated damages under the PMWA;

  24. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class Plaintiffs and has no conflict with the Class members.

  25. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

  26. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

   a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would have the potential to establish incompatible standards of conduct for Defendant;

   b. Defendant, by failing to pay overtime compensation at a rate of 1.5 times Class Plaintiffs' regular rate, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

   c. The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

  27. A Class Action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class Action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of the Class to protect their interests.

**FACTUAL ALLEGATIONS RELATED TO COLLECTIVE CLAIMS UNDER THE FLSA AND CLASS CLAIMS UNDER THE PMWA**

  28. Paragraphs 1 through 28 are hereby incorporated by reference as though the same were fully set forth at length herein.

  29. Plaintiff Brian Machion worked as an Industrial Wholesale Account Executive for Defendant from on or around February 29, 2016 to on or around September 27, 2021.

30. Plaintiff worked as part of Defendant's wholesale team and was predominantly engaged in the selling of personal protective equipment ("PPE"), including, but not limited to, safety gloves, protective gear, and face masks.

31. Upon information and belief, Class Plaintiffs job duties and/or responsibilities mirrored those of Plaintiff.

32. Prior to the COVID-19 Pandemic, Plaintiff would, on occasion work in excess of forty (40) hours per week.

33. However, due to the COVID-19 Pandemic, Plaintiff began working remotely from in or around January 2020 until the conclusion of his employment, which occurred on or around September 27, 2021.

34. Upon information and belief, Class Plaintiffs also began working remotely due to the COVID-19 Pandemic.

35. Plaintiff performed the exact same job duties working remotely as he performed when working in Defendant's office.

36. Upon information and belief, Class Plaintiffs also performed their exact same job duties while working remotely.

37. By comparison with when Plaintiff worked in Defendant's office, Plaintiff worked significantly more hours per week when working remotely.

38. Suddenly, and for the first time, Defendant presented Plaintiff with an "Exemption Form," effectively stating that Plaintiff was "exempt from overtime compensation."

39. Upon information and belief, Defendant presented Plaintiff with an "Exemption Form" because Defendant was aware of the fact that when working remotely, Plaintiff was working significantly more hours per week.

40. Upon information and belief Class Plaintiff also were presented with an "Exemption Form."

41. Plaintiff, forced with a decision to either sign Defendant's "Exemption Form" or lose his job during a global pandemic, was forced to sign the "Exemption Form."

42. As a result, Defendant classified Plaintiff as exempt from the overtime compensation requirements of the FLSA and PMWA.

43. Upon information and belief, Defendant classified Class Plaintiffs as exempt from the overtime compensation requirements of the FLSA and PMWA.

44. As a result, Defendant began and continued to not pay Plaintiff and Class Plaintiffs overtime compensation.

45. Pursuant to the terms of Plaintiff's Offer Letter and/or commission sales structure, Plaintiff was compensated on a commission-only basis, earning a specified commission based on the sales he made and/or facilitated.

46. Upon information and belief, Class Plaintiffs were compensated on a commission-only basis, earning a specified commission based on the sales they made and/or facilitated.

47. Plaintiff regularly worked over forty (40) hours per week. In this regard, Plaintiff typically worked approximately forty-five (45) to fifty-five (55) hours per week. Most commonly, Plaintiff worked an average of fifty (50) hours per week.

48. By way of example, during the week of October 1, 2021, Plaintiff worked approximately fifty-five (55) hours, but did not receive any overtime compensation for the approximately fifteen (15) hours of overtime he worked that work week.

49. Instead, Plaintiff was solely compensated for his commission.

50. Furthermore, Defendant failed to accurately track the number of hours Plaintiff worked during the week of October 1, 2021.

51. More specifically, "0 Hours" is included under the "Hours" column of the statement Plaintiff that was provided for the week of October 1, 2021.

52. Upon information and belief, Class Plaintiffs regularly worked over forty (40) hours per week. In this regard, Class Plaintiffs typically worked approximately forty-five (45) to fifty-five (55) hours per week. Upon information and belief, most commonly, Class Plaintiffs worked an average of fifty (50) hours per week.

53. Despite the fact that Plaintiff and Class Plaintiffs routinely worked in excess of forty (40) hours per week, Defendant failed to pay Plaintiff and Class Plaintiff any overtime compensation pursuant to the FLSA and PMWA at a rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of forty (40) hours per week.

54. Defendant misclassified Plaintiff and Class Plaintiffs as exempt under the FLSA and PMWA, determining that Plaintiff and Class Plaintiffs were not entitled to receive overtime compensation under the FLSA and PMWA.

55. Plaintiff and Class Plaintiffs do not qualify for the Outside Sales Exemption as they were not customarily and regularly engaged away from Defendant's place of business. To the contrary, Plaintiff and Class Plaintiffs were/are required to report to Defendant's office, or their own home office location, to perform their job duties.

56. Plaintiff and Class Plaintiffs do not qualify for the Retail Sales Employee Exemption because Defendant, which is engaged primarily in the sale of medical safety products, is not a retail or service establishment within the meaning of the FLSA and PMWA.

57. More specifically, Defendant is not a retail or service establishment in that Defendant does not sell and/or retail products directly to consumers.

58. Rather, Defendant is a wholesaler who manufacturers goods, purchases goods from other distributors, and sells goods to other businesses (who are the retail or service establishments) in order for those particular businesses to sell the goods to consumers.

59. In this regard, Defendant lacks a retail concept and is distinct from the sort of enterprises typically regarded as being consumer-end retail or service establishments. See 29 CFR 779.317.

60. Plaintiff and Class Plaintiffs do not qualify for the Administrative Employee Exemption because they were/are not compensated on an salary or fee basis, but rather on a commission-only sales structure. Additionally, they did/do not perform office work directly related to the management or general business operations of Defendant. Moreover, Plaintiff and Class Plaintiffs did/do not exercise discretion or independent judgment as to matters of significance, as their discretion was/is significantly restricted by Defendant's pre-existing and established operating procedures and guidelines with respect to their sales process.

61. Plaintiff and Class Plaintiffs do not qualify for the Executive Employee Exemption because they were/are not compensated on a salary basis, but rather on commission-only sales structure, they did/do not exercise any managerial functions or have the authority to hire or fire other employees of Defendant, nor did/does Defendant give particular weight to any suggestions made by Plaintiff and Class Plaintiffs regarding employee status changes.

62. Finally, there are no other exemptions under the FLSA and/or PMWA which could potentially be applicable to Plaintiff and Class Plaintiffs.

63. Accordingly, Plaintiff and Class Plaintiffs were/are within the meaning of the FLSA and PMWA, non-exempt employees of Defendant.

64. Defendant failed to pay Plaintiff and Class Plaintiffs overtime compensation at a rate of at least 1.5 times their regular rate of pay for each hour they worked in excess of forty (40) hours in a workweek.

65. As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

66. Paragraphs 1 through 65 are hereby incorporated by reference as though the same were full set forth at length herein.

67. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

68. Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

69. Under the FLSA, commissions must be included in an employer's calculation of an employee's regular rate of pay.  See 29 C.F.R. § 778.117

70. Defendant misclassified Plaintiff and Class Plaintiffs as exempt employees under the FLSA, determining that Plaintiff and Class Plaintiffs were not entitled to receive overtime compensation under the FLSA.

71. Plaintiff and Class Plaintiffs were/are non-exempt employees of Defendant under the FLSA and thus entitled to overtime compensation.

72. Defendant failed to pay Plaintiff and Class Plaintiffs overtime compensation at a rate of at least 1.5 times their regular rate of pay for each hour they worked in excess of forty (40) hours in a workweek.

73. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

74. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

75. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, Plaintiff, on behalf of himself and Class Plaintiffs, prays for judgment against Defendant as follows:

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendants during the preceding three (3) years as a Wholesale Account Executive and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.  Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.  Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for the work performed in excess of forty (40) hours per week;

E.  Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.  Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.  Awarding Plaintiff and Class Plaintiffs reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.  Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.  Granting Plaintiff and Class Plaintiffs leave to add additional plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.  For all additional general and equitable relief to which Plaintiff and Class Plaintiffs may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333, *et seq.*

76.  Paragraphs 1 through 75 are hereby incorporated by reference as though the same were fully set forth at length herein.

77.  The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

78.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

79.     Employers must include "all remuneration for employment paid to or on behalf of the employee," including commissions, when calculating an employee's regular rate of pay under the PMWA.  See 34 Pa. Code. § 231.43.

80.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation to Plaintiff and Class Plaintiffs for all hours work.

81.     As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and Class Plaintiffs, prays for judgment against Defendant as follows:

A.     An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

B.     An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.     An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.     An award to Plaintiff and Class Plaintiffs for any other damages available to them

under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Michael Murphy*
Michael Murphy, Esquire
Michael Groh, Esquire
Andrew J. Schreiber, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
aschreiber@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated:   July 5, 2022

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff and Class Plaintiffs employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.